UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMENIC D. ROLAK,

        Petitioner,

v.                                      Case No. 06-CV-14346

BARRY D. DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Domenic D. Rolak ("Petitioner"), a state prisoner currently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of possession with intent to deliver more than 50 but less than 449 grams of cocaine following a guilty plea in the Wayne County Circuit Court and was sentenced to 30 to 240 months imprisonment on September 8, 2005. In his pleadings, Petitioner raises claims of illegal arrest, ineffective assistance of counsel, and prosecutorial misconduct. For the reasons stated, the court will dismiss the petition without prejudice for failure to exhaust state court remedies.

**II. PROCEDURAL HISTORY**

Petitioner states that he filed an appeal with the Michigan Court of Appeals challenging his conviction, which was denied on August 8, 2006. He further states that

he has filed an application for leave to appeal with the Michigan Supreme Court, which remains pending in that court.  Petitioner dated the present petition for a writ of habeas corpus on September 29, 2006.  He submitted the required filing fee on October 18, 2006.

### III.  DISCUSSION

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  See 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.  See *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement.  See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner has not met his burden of showing exhaustion of state court remedies.  He admits that he has an application for leave to appeal pending in the Michigan Supreme Court.  Petitioner has thus not yet completed his pursuit of state court remedies.  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d).  If this court were to review the claims presented, such an action would deny

the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims for federal habeas review. Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

### IV. Conclusion

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt #1] is DISMISSED WITHOUT PREJUDICE. Depending upon the outcome of his state court proceedings, Petitioner retains the right to file a new petition once he has fully exhausted his state court remedies.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 25, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522